UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JOSHUA NATHAN KELLY,<br><br>        Defendant. | Case No. 4:20-cr-00191-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Before the Court is a Notice of Claim for Property Forfeited filed by Chasity Baker. Dkt. 64. The Government filed a Response in opposition to this Third-Party Claim. Dkt. 65. The matter is now ripe for the Court's consideration.

Having reviewed the record and the briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Chasity Baker's Claim.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On April 7, 2022, defendant Joshua Kelly was sentenced to 80 months incarceration for the crime of possession of a firearm by a prohibited person. Dkt. 63. Prior to sentencing, the Court executed a Preliminary Order of Forfeiture, which was final as to Kelly. On May 20, 2022, Chasity Baker filed her Notice of Claim. Dkt. 64. The Government filed its response on July 17, 2023.

## III. LEGAL STANDARD

A third-party petition claiming an interest in forfeited property must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, and any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C § 853 (n)(3).

A petitioner must establish by a preponderance of the evidence, one of two statutory avenues demonstrating an interest superior to forfeiture: 21 U.S.C. § 853(n)(6)(A), that the petitioner's ". . . right, title or interest was superior to any right, title or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property. . ." or 21 U.S.C. § 853(n)(6)(B), that the petitioner is "a bona fide purchaser for value of the right, title or interest in the property. . . ."

"A third party wishing to challenge a district court's criminal forfeiture order must do so in an ancillary proceeding under 21 U.S.C. § 853(n) and [Rule] 32.2(c)." *United States v. 101 Houseco, LLC*, 22 F.4th 843, 847 (9th Cir. 2022).

## IV. ANALYSIS

Chasity Baker filed a claim asserting a legal interest in the Higgins revolver Kelly was prosecuted for possessing in this case. Baker claims the revolver is a family heirloom passed from her grandfather to her father, Donnell Shehane, and then to her. Baker filed her Notice of Claim (Dkt. 64) along with a copy of a police report, death certificates, and various other documents to prove her ownership of the revolver.

While is does appear the revolver belonged to members of Baker's family, this connection is insufficient to satisfy the Court's inquire. Baker was not the purchaser of the revolver, and in accordance with 21 U.S.C. § 853(n)(6)(A), did not hold a superior interest at the time of the Kelly's crime. At the time of the crime, the owner of the revolver was Donnell Shehane. He likely had the superior right, title, or interest in the property, but Baker did not.[2] In addition, the Court has reviewed the response from the Government indicating the tracing of the revolver from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") shows it was purchased at a pawn shop in Tennessee in 2011 by Cynthia Shehane. This information undercuts Baker's assertion that the revolved was a family heirloom originally owned by her grandfather and passed down from in successive generations.

## V. CONCLUSION

The Court finds Baker does not have a valid claim under the above referenced

---

[2] Baker claims that Shehane was her father. However, the two are not blood relatives. It appears Shehane was Baker's step-father and raised her, but the two are not biologically related. This complicates the inquire but ultimately does not change the Court's conclusion today that Baker is not statutorily entitled to the revolver.

statutes. As the Government's suggested in its response brief, Baker may be able to pursue a different route to obtaining the revolver—a petition of remission. The Court would encourage her to pursue that alternate route via the information and forms referenced in the Government's brief. Dkt. 65, at 4.

## VI. ORDER

IT IS HEREBY ORDERED:

1. Chasity Baker's Notice of Claim (Dkt. 64) is not a valid claim under the statute and the request is DENIED.

DATED: June 13, 2025

_____
David C. Nye
Chief U.S. District Court Judge